**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-3083-01-CR-S-RK |
| | ) | |
| DACE ALLEN DOVERSPIKE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

In conjunction with the Government, Dace Allen Doverspike asks to be sentenced to 120 months' imprisonment for possession of obscene visual representations of sexual abuse of a minor as a prior offender. Based upon a total offense level of 26 and a criminal history category II, the guidelines are 70 to 87 months; however, because the statutorily required minimum sentence is 10 years, Mr. Doverspike's guidelines are 120 months. A sentence of 120 months provides just punishment for the offense, while accounting for Mr. Doverspike's history and characteristics. Mr. Doverspike also joins in the Government's recommendation for a 15-year term of supervised release to follow.

## SUGGESTIONS IN SUPPORT

**1. The nature of the offense, as well as Mr. Doverspike's efforts to accept responsibility, support the parties' jointly recommended sentence of 120 months.**

1

On March 4, 2022, this Court sentenced Mr. Doverspike to 14 months' confinement and 10 years' supervised release for possession of child pornography in Case No. 21-3018-01-CR-S-RK. Mr. Doverspike began supervised release on March 21, 2022.

On May 10, 2023, the US Probation Officer discovered an SD card in Mr. Doverspike's possession that contained computer-generated images of child sexual abuse. As a result, the US Probation Officer filed a violation report and this Court issued a warrant for Mr. Doverspike's arrest. Mr. Doverspike was taken into custody on May 18, 2023, pursuant to that warrant, and has remained in custody ever since.

On August 29, 2023, Mr. Doverspike waived indictment and pled guilty, pursuant to a plea agreement. In recognizing his egregious mistake, Mr. Doverspike acted quickly to accept responsibility. By timely pleading guilty, Mr. Doverspike saved the Government and Court considerable time and resources by not filing pretrial motions and eliminating the need for a jury trial. Based on the nature of the offense and Mr. Doverspike's efforts to expediently resolve his case, the sentence contemplated by the parties—120 months—is justified.

**2.      Mr. Doverspike's history and characteristics support a 10-year sentence.**

This Court is familiar with some of Mr. Doverspike's history and characteristics from his previous case. Since being sentenced previously, Mr. Doverspike obtained his GED and found steady employment. Mr. Doverspike has remained close with his foster mother, Heather Allsman, and his biological mother, Kimberly Stanberry. While helping his family prepare for a party celebrating his brother joining the military, Mr. Doverspike

discovered an old SD card that contained CGI images of child sexual abuse. Mr. Doverspike made a mistake in keeping that SD card after he discovered it. He has more work to do to address his thinking errors and plans to participate in the BOP sex offender treatment program.

Mr. Doverspike is now 24 years' old. His criminal history consists of this case and his previous child pornography case. A 10-year term of imprisonment is significantly longer than any term of imprisonment Mr. Doverspike has ever served previously. Given his age and characteristics, a sentence of 120 months is sufficient but not greater than necessary to address the sentence goals.

**3.     The parties' joint recommended sentence in Mr. Doverspike's supervised release revocation in Case No. 21-3018-01-CR-S-RK.**

The parties jointly recommend that Mr. Doverspike be sentenced to a guideline term of incarceration on his supervised release revocation. Because the parties are asking that Mr. Doverspike receive a 15-year term of supervised release on the current criminal case, the parties jointly ask the Court not to impose a new term of supervised release on Mr. Doverspike's revocation case. Finally, the parties jointly recommend that the Court order the term of imprisonment imposed on the supervised release revocation run concurrently with the sentence imposed on the current criminal case.

**CONCLUSION**

A sentence of 120 months' imprisonment, followed by a 15-year term of supervised release, is the just and fair one in this case. Relatedly, the parties ask that any sentence

imposed in this case be served concurrently to the sentence Mr. Doverspike receives in his supervised release revocation case. In the revocation case, the parties recommend that Mr. Doverspike be sentenced to four to 10 months' imprisonment, which is a guideline sentence. These sentences, when considered in conjunction, fairly consider the U.S. Sentencing Guidelines, Mr. Doverspike's history and characteristics, the nature of the offense, and the other sentencing factors. Given Mr. Doverspike's financial condition, no fine should be imposed.

Mr. Doverspike asks the Court to recommend the BOP designate him to FMC Fort Worth to participate in the HVAC and electrician job training program, or, alternatively, to FCI Seagoville.

Respectfully submitted,

*/s/ Megan Chalifoux*
**MEGAN CHALIFOUX**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

July 12, 2024

## CERTIFICATE OF SERVICE

I certify the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system on July 12, 2024.

*/s/ Megan Chalifoux*
**MEGAN CHALIFOUX**